UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION
(Fort Lauderdale)

In re:

GORAN RAJSIC,

        Debtor.

Case No:    14-28624-RBR

Chapter    7

_____/

VALLEY FORGE INSURANCE COMPANY,
a Pennsylvania corporation,

        Plaintiff,

v.

                               ADV. PRO. NO. 14-1839-RBR

GORAN RAJSIC,

        Defendant.

_____/

## *NOTICE OF APPEAL AND STATEMENT OF ELECTION*

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s):
Goran Rajsic _____

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☐ Plaintiff
X Defendant
☐ Other (describe) _____
For appeals in a bankruptcy case and not in an
adversary proceeding.

☐ Debtor
☐ Creditor
☐ Trustee
☐ Other (describe) _____

## Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from:
   Order Granting Motion for Summary Judgment and Judgment thereon; See Attached
   Exhibits  "A" and "B"

2. State the date on which the judgment, order, or decree was entered:
   July 15, 2016 (signed); July 18, 2016 (entered/filed) [D.E. 117] (Order on Summary
   Judgment);
   July 28, 2016 (signed); July 29, 2016 (entered/filed) [D.E. 125] (Judgment)

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the
names, addresses, and telephone numbers of their attorneys (attach additional pages if
necessary):

1. Party: Valley Forge Insurance Company   Attorney: Perry R. Goodman, Esq.
                                                      Zacarias Chacon, Esq.

   Lewis Brisbois Bisgaard & Smith, LLP
   110 SW 6th Street, Suite 2600
   Fort Lauderdale, FL 33301
   Tel: 954-728-1280
   Fax:954-728-1282

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will
hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the
United States District Court. If an appellant filing this notice wishes to have the appeal heard by the
United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy
Appellate Panel to hear the appeal.

· Appellant(s) elect to have the appeal heard by the United States District Court rather than by
the Bankruptcy Appellate Panel.

**Part 5: Sign below**

Dated:  August 10, 2016.

Respectfully submitted,

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court of the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

GAMBERG & ABRAMS
*Attorneys for Debtor/Defendant*
1776 North Pine Island Road, Suite 215
Fort Lauderdale, Florida 33322
Telephone:      (954) 523-0900
Facsimile:       (954) 915-9016
E-mail:           tabrams@tabramslaw.com

By:___/s/Thomas L. Abrams
        Thomas L. Abrams, Esquire
        Florida Bar No. 764329

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document was filed with the Clerk of Court via CM/ECF and served this  10th day of August, 2016, *via CM/ECF Electronic Filing, and/or first-class  U.S. Mail, as noted, to all parties on the attached Service List:*

## SERVICE LIST

### *Notice/Service via Electronic Mail*

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Thomas L Abrams     tabrams@tabramslaw.com, dabrams@tabramslaw.com
- Perry R Goodman     perry.goodman@lewisbrisbois.com, Catherine.Kilker-Perez@lewisbrisbois.com

<u>*Notice/Service via U.S. Mail*</u>

Bradley S. Fischer
110 SE 6 St #2600
Fort Lauderdale, FL 33301

By: <u>  /s/Thomas L. Abrams</u>
        THOMAS L. ABRAMS, ESQ.



**ORDERED in the Southern District of Florida on July 15, 2016.**

Raymond B. Ray, Judge
United States Bankruptcy Court

---

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
Broward Division

In re:

GORAN RAJSIC,                                          Case No. 14-28624-BKC-RBR

    Debtor.                                          Chapter 7

_____/

VALLEY FORGE INSURANCE CO.,                            Adv. Case No. 14-1839-RBR

    Plaintiff.
vs.

GORAN RAJSIC,

    Defendant.

_____/

## ORDER DENYING  MOTION TO STRIKE [D.E. 95] AND
## GRANTING THE MOTION FOR SUMMARY JUDGMENT [D.E. 82]

THIS MATTER came before the Court for a hearing on May 11, 2016, upon the Motion

for Summary Judgment [D.E. 82] filed by the Plaintiff, Valley Forge Insurance Company



EXHIBIT
A

("Valley Forge"), the Motion to Strike [D.E. 95] filed by the Defendant, Goran Rajsic ("Rajsic"),
the Response [D.E. 103][1], and the Reply [D.E. 104] thereto. After having considered the parties'
Motions, Responses, court file, and argument of counsel, the Court grants the Motion for
Summary Judgment under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6) and denies the Motion to Strike.

## I.     FINDINGS OF FACT

Rajsic was the principal of REC Entertainment, Inc. ("REC") and the owner of real
property located at 4244 West Diversey Avenue, Chicago, Illinois (the "Property"). Valley Forge
issued to REC a property insurance policy effective between April 17, 2009 and April 17, 2010
(the "Policy").

On or about May 27, 2009, Rajsic represented to Valley Forge that the Property and the
recording equipment inside sustained water damage when the roof of the building was struck by
a utility pole that allegedly fell during a rainstorm the previous evening. Rajsic subsequently sent
via facsimile a letter dated June 11, 2009 (with enclosures) to Tracy Schohn of Valley Forge in
which he stated that he was "submitting the invoices for the two temporary studios we are
renting." Attached to the June 11, 2009 letter were four invoices totaling $136,324.85 issued by
the following entities: (1) "Elegance Remodeling" in the amount of $1,562.50, (2) "Elegance
Remodeling" in the amount of $2,912.35, (3) "MPL Studios" in the amount of $63,000.00, and
(4) "Rhythm Recording Studios" in the amount of $68,850.00. In his June 11, 2009 letter, Rajsic
represented that these invoices had already been paid and requested that Valley Forge issue a
check for the total amount of $136,324.85.

Based on the representations by Rajsic, and as required under the Policy and insurance

---

[1] The Court will refer to the docket in the adversary proceeding as [D.E. __] and will refer to the docket in the main
case as [BK D.E. __].

2

law, Valley Forge investigated the losses claimed by Rajsic and was required to provide claim handling, analysis, and investigative services to Rajsic for the handling of these claims. Valley Forge paid independent contractors a total of $33,269.94 and hired disaster recovery services to perform clean-up and remediation work at the Property. Valley Forge also made a $10,000 payment to PuroClean Disaster Recovery for that company's services in remediating and repairing water damage at the Property. *See* Second Declaration of Peter Quinn [D.E. 111]. As the owner of the Property, Rajsic benefited from Valley Forge's analysis, investigative services, clean-up and remediation work.

It was later determined that Rajsic had deliberately caused the alleged damage to the Property. Rajsic was subsequently indicted by a grand jury for submitting a false and fraudulent claim under the Policy. He entered into a January 18, 2012 written plea agreement in criminal proceedings held in Cook County, Illinois (Case Nos. 11 CR 804 and 11 CR 15032). He admitted that he "knowingly executed a scheme to defraud" Valley Forge, and that he executed his scheme to defraud "with the intent to defraud." Rajsic further stated that he was pleading guilty to felony fraud charges under 720 ILCS 5/17-1(a)(2) of the Illinois Insurance Fraud Act "because he is guilty."

Rajsic and REC were also found liable in a civil lawsuit brought by Valley Forge in the Circuit Court of Cook County, Illinois (the "State Court") in Case No. 10CH29754 (the "State Court Action"). On May 24, 2012, the State Court entered a partial summary judgment order in which it held that REC and Rajsic had made a false and fraudulent claim under the Policy issued by Valley Forge. The order provides in pertinent part that "[t]here is no issue of fact that . . . GORAN RAJSIC, in violation of Section 46-5 of the Criminal Code (720 ILCS 5/46-5, now 720 ILCS 5/17-10.5), attempted to obtain, by deception, control over VALLEY FORGE's property

3

by making, or causing to be made, a false and fraudulent claim on the Policy."

On November 9, 2012, the State Court subsequently entered a final summary judgment order finding that Rajsic and REC had attempted to obtain from Valley Forge property valued at $1,469,387.80, and had "wrongfully obtained" property valued at $33,269.94. Based on the Illinois Insurance Fraud Act (720 ILCS 5/46-5(a)), Valley Forge was awarded double and treble damages, attorney's fees, and costs totaling $3,251,331.82 (the "Cook County Judgment").

On August 19, 2014, Rajsic filed a voluntary petition under Chapter 7 of the Bankruptcy Code [BK D.E. 1]. On November 21, 2014, Valley Forge filed this adversary proceeding to determine the nondischargeability of its claim.

## II.   CONCLUSIONS OF LAW

### A. Summary Judgment Standard.

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the pleadings, depositions, together with any affidavits, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56 (a). A fact is deemed "material" if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 246, 248 (1986). A factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-movant. *Id.* at 247.

The moving party has the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions and any affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). In deciding whether the movant has met this burden, the Court must view the evidence and all factual inferences in the light most favorable to the non-movant. *Miranda v. B & B Cash*

*Grocery Store, Inc.*, 975 F.2d 1518, 1532 (11th Cir. 1992). The burden then shifts to the non-moving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact. *United of Omaha Ins. v. Sunlife Co.*, 894 F.2d 1555, 1558 (11th Cir. 1990); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-16 (11th Cir. 1993). Failure to make a showing sufficient to establish the existence of any essential element of a claim is fatal and requires the entry of summary judgment. *Celotex Corp.*, 477 U.S. at 322–23.

### B. Collateral Estoppel Standard.

The ordinary preponderance of the evidence standard and principals of collateral estoppel apply to a determination of nondischargeability under 11 U.S.C. § 523(a). *See Grogan v. Garner*, 498 U.S. 279, 284-291 (1991). "Collateral estoppel, or issue preclusion, bars relitigation of an issue previously decided in judicial or administrative proceedings if the party against whom the prior decision is asserted had a 'full and fair opportunity' to litigate that issue in an earlier case." *St. Laurent, II v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 675 (11th Cir. 1993).

"While collateral estoppel may bar a bankruptcy court from relitigating factual issues previously decided in state court, the ultimate issue of dischargeability is a legal question to be addressed by the bankruptcy court in the exercise of its exclusive jurisdiction to determine dischargeability." *McDowell v. Stein*, 415 B.R. 584, 591 (S.D. Fla. 2009) (citing *St. Laurent*, 991 F.2d at 676). The requirements for collateral estoppel are: (1) the issue at stake must be identical to the one decided in the prior litigation; (2) the issue must have been actually litigated in the prior proceeding; (3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and (4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case. *See id.*

**C.  Rajsic's Debt is Nondischargeable Pursuant to 11 U.S.C. § 523(a)(2)(A).**

Pursuant to § 523(a)(2)(A), an individual debtor is not entitled to a discharge "from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." As the Supreme Court explained in *Cohen v. de la Cruz*, 523 U.S. 213, 214 (1998), "§ 523(a)(2)(A) prevents the discharge of all liability arising from fraud." The Court reasoned that not only are funds actually received by a debtor nondischargeable, but that the language "'any debt ... for money, property, services, or ... credit, to the extent obtained by' fraud encompasses any liability arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor." *Id.* at 223.

Some courts have interpreted the Supreme Court's decision in *Cohen* as effectively rejecting the former receipt of benefits approach to nondischargeability, which had previously required that the debtor gain a benefit from the money that was obtained by fraudulent means. *See National Dev. Servs. v. Denbleyker (In re Denbleyker)*, 251 B.R. 891, 896 (D. Colo. 2000); *Muegler v. Bening*, 413 F. 3d 980 (9th Cir 2007); *Deodati v. M.M. Winkler & Assocs. (In re M.M. Winkler & Assocs.)*, 239 F.3d 746, 749 (5th Cir. 2001); *Hawthorne Credit Union v. Quick (In re Quick)*, No. 09-B-09018, 2012 Bankr. LEXIS 385, at *5 (Bankr. E.D. Ill. Jan. 26, 2012). Other courts have determined that *Cohen* did not abrogate the receipt of benefits test. *In re DeMasi*, No. 8:13-AP-00889-MGW, 2015 WL 3956135, at *7 (Bankr. M.D. Fla. June 26, 2015), *aff'd sub nom. Kondapalli v. Demasi*, No. 8:15-CV-1635-EAK, 2016 WL 592789 (M.D. Fla. Feb. 11, 2016).

6

In the instant case, Rajsic entered into a January 18, 2012 written plea agreement in a criminal action in which he admitted to committing acts of fraud against Valley Forge. The State Court subsequently determined, after detailed briefing, that Rajsic attempted to obtain and did wrongfully obtain property, making him liable for $3,251,331.82 in double and treble damages, attorney's fees, and litigation costs.

Rajsic is collaterally estopped from challenging the determination of fraud by the State Court because all elements of collateral estoppel are present. The elements for finding nondischargeability under § 523(a)(2)(A) are identical to those required to impose liability under the Illinois Insurance Fraud Act, which applies to an individual who "knowingly obtains, attempts to obtain, or causes to be obtained, by deception, control over the property of any insurance company by the making of a false claim."[2] Additionally, the existence of fraud was actually litigated by the parties in the State Court Action with detailed summary judgment briefs and was a critical and necessary issue in the State Court's final summary judgment order finding Rajsic liable to Valley Forge. Fraud for purposes of § 523(a)(2)(A), like fraud under the Illinois Insurance Fraud Act, must be proven by a preponderance of the evidence standard. Therefore, all requirements for collateral estoppel are present in this case, so the Cook County Judgment must be given a preclusive effect.

This Court need not determine if *Cohen* abrogated the receipt of benefits test because Rajsic did receive a benefit from his fraud in Valley Forge analyzing, investigating and assisting in the clean-up and remediation of the damage on account of Rajsic's utterly fraudulent claim. What is clear is the fact that *Cohen* requires this Court to make all damages and fees awarded by

---

[2] "[F]alse claim" is defined in pertinent part as "any statement made to any insurer ... as part of, or in support of, a claim for payment or other benefit under a policy of insurance ... when the statement does any of the following: (1) Contains any false, incomplete, or misleading information concerning any fact or thing material to the claim." 720 ILCS 5/17-10.5(e)(1); 720 ILCS 5/17-0.5.

7

the State Court nondischargeable, including all double and treble damages, fees, and costs. Accordingly, the entire amount of the Cook County Judgment constitutes a debt arising from and on account of fraud, which is nondischargeable pursuant to § 523(a)(2)(A) as a matter of law.

**C.  Rajsic's Debt is Nondischargeable Pursuant to 11 U.S.C. § 523(a)(6).**

Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The Supreme Court, in interpreting § 523(a)(6), contemplates injury to be analogous to an intentional tort. *See Kawaauhau v. Geiger*, 523 U.S. 57 (1998). The statutory term "willful" has been interpreted by the Eleventh Circuit to require "a showing of an intentional or deliberate act, which is not done merely in reckless disregard of the rights of another." *In re Walker*, 48 F.3d 1161, 1163 (11th Cir. 1995). A willful injury has been committed when the debtor commits an intentional act "the purpose of which is to cause injury or which is substantially certain to cause injury." *Id.* at 1165. The Eleventh Circuit has also held that the term "malicious" in § 523(a)(6) means "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill will." *Id.* at 1164. Malice may be constructive or implied. *Id.*

In his January 18, 2012 plea agreement, Rajsic admitted that he "knowingly executed a scheme to defraud" Valley Forge "with the intent to defraud." The State Court likewise determined that Rajsic intended to commit fraud and found him liable under the Illinois Insurance Fraud Act, which requires a knowing deception by the submission of a false claim. Consequently, collateral estoppel applies to the Cook County Judgment for this claim as well based on a similar analysis due to Rajsic's blatant, willful injury of Valley Forge. Therefore, the debt owed to Valley Forge is nondischargeable pursuant to § 523(a)(6).

### III.   CONCLUSION

Accordingly, it is

**ORDERED** as follows:

1. The Motion for Summary Judgment [D.E. 82] is **GRANTED**.

2. The Motion to Strike [D.E. 95] is **DENIED**.

3. The judgment debt owed to Valley Forge by Rajsic is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6).

### ###

*The Clerk shall serve a copy of this Order to the Debtor and Valley Forge Insurance Company.*



**ORDERED in the Southern District of Florida on July 28, 2016.**

Raymond B. Ray, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re | CASE NO.  114-28624-RBR |
| GORAN RAJSIC, | ADVERSARY NO.  14-01839-RBR |
| Debtor. | Chapter 7 |

VALLEY FORGE INSURANCE
COMPANY, a Pennsylvania corporation

        Plaintiff,

vs.

GORAN RAJSIC,

        Defendant.

---

## JUDGMENT

    The Court having entered an order on July 15, 2016 [D.E. 117] granting VALLY FORGE

INSURANCE COMPANY'S Motion for Summary Judgment [D.E. 82],

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

4829-3259-3205.1

- 1 -



EXHIBIT
B

1.       The November 9, 2012 Final Summary Judgment in the amount of $3,251,331.82 in favor of VALLEY FORGE INSURANCE COMPANY and against, *inter alia*, GORAN RAJSIC, entered in the Circuit Court of Cook County, Illinois, Chancery Division in the case of *Valley Forge Insurance Company v. REC Entertainment, Inc., et al*, Case Number 10 CH 29754, is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6) in the bankruptcy proceedings filed in this Court by GORAN RAJSIC in case number 14-28624-RBR.

2.       Judgment is entered in favor of Plaintiff VALLEY FORGE INSURANCE COMPANY and against Defendant GORAN RAJSIC in the amount of $3,251,331.82  plus costs of this action and plus post-judgment interest at a rate of 9% per annum, pursuant to 735 ILCS 5/2-1303, from November 9, 2012 until the November 9, 2012 Final Summary Judgment is satisfied.

                                        ENTERED:


                                        _____
                                        Raymond B. Ray, Judge
                                        United States Bankruptcy Court



                              ###


**Submitted by:**

        Perry R. Goodman, Esq.
        Florida Bar No.: 0050778
        LEWIS BRISBOIS BISGAARD & SMITH LLP
        110 SW 6th Street, Suite 2600
        Fort Lauderdale, Florida  33301
        Tel: 954-728-1280
        Fax: 954-728-1282
        Email: Perry.Goodman@lewisbrisbois.com

The party submitting this order shall serve a copy of the signed order on all parties listed below and file with the Court a certificate of service conforming with Local Rule 2002-1(F).


4829-3259-3205.1                            - 2 -

Thomas L. Abrams, Esq.
1776 N. Pine Island Road, #215
Plantation, FL 33322

Annie Verdries, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
650 Town Center Drive, #1400
Costa Mesa, CA 92626

Zacarias Chacon, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West Adams Street, Suite 300
Chicago, IL 60661



**ORDERED in the Southern District of Florida on July 15, 2016.**

Raymond B. Ray, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
Broward Division

In re:

GORAN RAJSIC,                                          Case No. 14-28624-BKC-RBR

     Debtor.                                          Chapter 7
_____/

VALLEY FORGE INSURANCE CO.,                            Adv. Case No. 14-1839-RBR

     Plaintiff.
vs.

GORAN RAJSIC,

     Defendant.
_____/

**ORDER DENYING  MOTION TO STRIKE [D.E. 95] AND**
**GRANTING THE MOTION FOR SUMMARY JUDGMENT [D.E. 82]**

THIS MATTER came before the Court for a hearing on May 11, 2016, upon the Motion

for Summary Judgment [D.E. 82] filed by the Plaintiff, Valley Forge Insurance Company

("Valley Forge"), the Motion to Strike [D.E. 95] filed by the Defendant, Goran Rajsic ("Rajsic"), the Response [D.E. 103][1], and the Reply [D.E. 104] thereto. After having considered the parties' Motions, Responses, court file, and argument of counsel, the Court grants the Motion for Summary Judgment under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6) and denies the Motion to Strike.

## I.    FINDINGS OF FACT

Rajsic was the principal of REC Entertainment, Inc. ("REC") and the owner of real property located at 4244 West Diversey Avenue, Chicago, Illinois (the "Property"). Valley Forge issued to REC a property insurance policy effective between April 17, 2009 and April 17, 2010 (the "Policy").

On or about May 27, 2009, Rajsic represented to Valley Forge that the Property and the recording equipment inside sustained water damage when the roof of the building was struck by a utility pole that allegedly fell during a rainstorm the previous evening. Rajsic subsequently sent via facsimile a letter dated June 11, 2009 (with enclosures) to Tracy Schohn of Valley Forge in which he stated that he was "submitting the invoices for the two temporary studios we are renting." Attached to the June 11, 2009 letter were four invoices totaling $136,324.85 issued by the following entities: (1) "Elegance Remodeling" in the amount of $1,562.50, (2) "Elegance Remodeling" in the amount of $2,912.35, (3) "MPL Studios" in the amount of $63,000.00, and (4) "Rhythm Recording Studios" in the amount of $68,850.00. In his June 11, 2009 letter, Rajsic represented that these invoices had already been paid and requested that Valley Forge issue a check for the total amount of $136,324.85.

Based on the representations by Rajsic, and as required under the Policy and insurance

---

[1] The Court will refer to the docket in the adversary proceeding as [D.E. __] and will refer to the docket in the main case as [BK D.E. __].

law, Valley Forge investigated the losses claimed by Rajsic and was required to provide claim handling, analysis, and investigative services to Rajsic for the handling of these claims. Valley Forge paid independent contractors a total of $33,269.94 and hired disaster recovery services to perform clean-up and remediation work at the Property. Valley Forge also made a $10,000 payment to PuroClean Disaster Recovery for that company's services in remediating and repairing water damage at the Property. *See* Second Declaration of Peter Quinn [D.E. 111]. As the owner of the Property, Rajsic benefited from Valley Forge's analysis, investigative services, clean-up and remediation work.

It was later determined that Rajsic had deliberately caused the alleged damage to the Property. Rajsic was subsequently indicted by a grand jury for submitting a false and fraudulent claim under the Policy. He entered into a January 18, 2012 written plea agreement in criminal proceedings held in Cook County, Illinois (Case Nos. 11 CR 804 and 11 CR 15032). He admitted that he "knowingly executed a scheme to defraud" Valley Forge, and that he executed his scheme to defraud "with the intent to defraud." Rajsic further stated that he was pleading guilty to felony fraud charges under 720 ILCS 5/17-1(a)(2) of the Illinois Insurance Fraud Act "because he is guilty."

Rajsic and REC were also found liable in a civil lawsuit brought by Valley Forge in the Circuit Court of Cook County, Illinois (the "State Court") in Case No. 10CH29754 (the "State Court Action"). On May 24, 2012, the State Court entered a partial summary judgment order in which it held that REC and Rajsic had made a false and fraudulent claim under the Policy issued by Valley Forge. The order provides in pertinent part that "[t]here is no issue of fact that . . . GORAN RAJSIC, in violation of Section 46-5 of the Criminal Code (720 ILCS 5/46-5, now 720 ILCS 5/17-10.5), attempted to obtain, by deception, control over VALLEY FORGE's property

by making, or causing to be made, a false and fraudulent claim on the Policy."

On November 9, 2012, the State Court subsequently entered a final summary judgment order finding that Rajsic and REC had attempted to obtain from Valley Forge property valued at $1,469,387.80, and had "wrongfully obtained" property valued at $33,269.94. Based on the Illinois Insurance Fraud Act (720 ILCS 5/46-5(a)), Valley Forge was awarded double and treble damages, attorney's fees, and costs totaling $3,251,331.82 (the "Cook County Judgment").

On August 19, 2014, Rajsic filed a voluntary petition under Chapter 7 of the Bankruptcy Code [BK D.E. 1]. On November 21, 2014, Valley Forge filed this adversary proceeding to determine the nondischargeability of its claim.

## II.      CONCLUSIONS OF LAW

### A.  Summary Judgment Standard.

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the pleadings, depositions, together with any affidavits, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56 (a).  A fact is deemed "material" if it might affect the outcome of the suit under the governing substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 246, 248 (1986). A factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-movant.  *Id.* at 247.

The moving party has the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions and any affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986).  In deciding whether the movant has met this burden, the Court must view the evidence and all factual inferences in the light most favorable to the non-movant.  *Miranda v. B & B Cash*

4

*Grocery Store, Inc.*, 975 F.2d 1518, 1532 (11th Cir. 1992). The burden then shifts to the non-moving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact. *United of Omaha Ins. v. Sunlife Co.*, 894 F.2d 1555, 1558 (11th Cir. 1990); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-16 (11th Cir. 1993). Failure to make a showing sufficient to establish the existence of any essential element of a claim is fatal and requires the entry of summary judgment. *Celotex Corp.*, 477 U.S. at 322–23.

### B. Collateral Estoppel Standard.

The ordinary preponderance of the evidence standard and principals of collateral estoppel apply to a determination of nondischargeability under 11 U.S.C. § 523(a). *See Grogan v. Garner*, 498 U.S. 279, 284-291 (1991). "Collateral estoppel, or issue preclusion, bars relitigation of an issue previously decided in judicial or administrative proceedings if the party against whom the prior decision is asserted had a 'full and fair opportunity' to litigate that issue in an earlier case." *St. Laurent, II v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 675 (11th Cir. 1993).

"While collateral estoppel may bar a bankruptcy court from relitigating factual issues previously decided in state court, the ultimate issue of dischargeability is a legal question to be addressed by the bankruptcy court in the exercise of its exclusive jurisdiction to determine dischargeability." *McDowell v. Stein*, 415 B.R. 584, 591 (S.D. Fla. 2009) (citing *St. Laurent*, 991 F.2d at 676). The requirements for collateral estoppel are: (1) the issue at stake must be identical to the one decided in the prior litigation; (2) the issue must have been actually litigated in the prior proceeding; (3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and (4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case. *See id.*

5

### C.  Rajsic's Debt is Nondischargeable Pursuant to 11 U.S.C. § 523(a)(2)(A).

Pursuant to § 523(a)(2)(A), an individual debtor is not entitled to a discharge "from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." As the Supreme Court explained in *Cohen v. de la Cruz*, 523 U.S. 213, 214 (1998), "§ 523(a)(2)(A) prevents the discharge of all liability arising from fraud." The Court reasoned that not only are funds actually received by a debtor nondischargeable, but that the language "'any debt ... for money, property, services, or ... credit, to the extent obtained by' fraud encompasses any liability arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor." *Id.* at 223.

Some courts have interpreted the Supreme Court's decision in *Cohen* as effectively rejecting the former receipt of benefits approach to nondischargeability, which had previously required that the debtor gain a benefit from the money that was obtained by fraudulent means. *See National Dev. Servs. v. Denbleyker (In re Denbleyker),* 251 B.R. 891, 896 (D. Colo. 2000); *Muegler v. Bening*, 413 F. 3d 980 (9th Cir 2007); *Deodati v. M.M. Winkler & Assocs.* (*In re M.M. Winkler & Assocs.*), 239 F.3d 746, 749 (5th Cir. 2001); *Hawthorne Credit Union v. Quick (In re Quick),* No. 09-B-09018, 2012 Bankr. LEXIS 385, at *5 (Bankr. E.D. Ill. Jan. 26, 2012). Other courts have determined that *Cohen* did not abrogate the receipt of benefits test. *In re DeMasi*, No. 8:13-AP-00889-MGW, 2015 WL 3956135, at *7 (Bankr. M.D. Fla. June 26, 2015), *aff'd sub nom. Kondapalli v. Demasi*, No. 8:15-CV-1635-EAK, 2016 WL 592789 (M.D. Fla. Feb. 11, 2016).

6

In the instant case, Rajsic entered into a January 18, 2012 written plea agreement in a criminal action in which he admitted to committing acts of fraud against Valley Forge. The State Court subsequently determined, after detailed briefing, that Rajsic attempted to obtain and did wrongfully obtain property, making him liable for $3,251,331.82 in double and treble damages, attorney's fees, and litigation costs.

Rajsic is collaterally estopped from challenging the determination of fraud by the State Court because all elements of collateral estoppel are present. The elements for finding nondischargeability under § 523(a)(2)(A) are identical to those required to impose liability under the Illinois Insurance Fraud Act, which applies to an individual who "knowingly obtains, attempts to obtain, or causes to be obtained, by deception, control over the property of any insurance company by the making of a false claim."[2] Additionally, the existence of fraud was actually litigated by the parties in the State Court Action with detailed summary judgment briefs and was a critical and necessary issue in the State Court's final summary judgment order finding Rajsic liable to Valley Forge. Fraud for purposes of § 523(a)(2)(A), like fraud under the Illinois Insurance Fraud Act, must be proven by a preponderance of the evidence standard. Therefore, all requirements for collateral estoppel are present in this case, so the Cook County Judgment must be given a preclusive effect.

This Court need not determine if *Cohen* abrogated the receipt of benefits test because Rajsic did receive a benefit from his fraud in Valley Forge analyzing, investigating and assisting in the clean-up and remediation of the damage on account of Rajsic's utterly fraudulent claim. What is clear is the fact that *Cohen* requires this Court to make all damages and fees awarded by

---

[2] "[F]alse claim" is defined in pertinent part as "any statement made to any insurer … as part of, or in support of, a claim for payment or other benefit under a policy of insurance … when the statement does any of the following: (1) Contains any false, incomplete, or misleading information concerning any fact or thing material to the claim." 720 ILCS 5/17-10.5(e)(1); 720 ILCS 5/17-0.5.

the State Court nondischargeable, including all double and treble damages, fees, and costs. Accordingly, the entire amount of the Cook County Judgment constitutes a debt arising from and on account of fraud, which is nondischargeable pursuant to § 523(a)(2)(A) as a matter of law.

**C.**     **Rajsic's Debt is Nondischargeable Pursuant to 11 U.S.C. § 523(a)(6).**

Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The Supreme Court, in interpreting § 523(a)(6), contemplates injury to be analogous to an intentional tort. *See Kawaauhau v. Geiger*, 523 U.S. 57 (1998). The statutory term "willful" has been interpreted by the Eleventh Circuit to require "a showing of an intentional or deliberate act, which is not done merely in reckless disregard of the rights of another." *In re Walker*, 48 F.3d 1161, 1163 (11th Cir. 1995). A willful injury has been committed when the debtor commits an intentional act "the purpose of which is to cause injury or which is substantially certain to cause injury." *Id.* at 1165. The Eleventh Circuit has also held that the term "malicious" in § 523(a)(6) means "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill will." *Id.* at 1164. Malice may be constructive or implied. *Id.*

In his January 18, 2012 plea agreement, Rajsic admitted that he "knowingly executed a scheme to defraud" Valley Forge "with the intent to defraud." The State Court likewise determined that Rajsic intended to commit fraud and found him liable under the Illinois Insurance Fraud Act, which requires a knowing deception by the submission of a false claim. Consequently, collateral estoppel applies to the Cook County Judgment for this claim as well based on a similar analysis due to Rajsic's blatant, willful injury of Valley Forge. Therefore, the debt owed to Valley Forge is nondischargeable pursuant to § 523(a)(6).

### III.   <u>CONCLUSION</u>

Accordingly, it is

**ORDERED** as follows:

1.  The Motion for Summary Judgment [D.E. 82] is **GRANTED**.

2.  The Motion to Strike [D.E. 95] is **DENIED**.

3.  The judgment debt owed to Valley Forge by Rajsic is nondischargeable pursuant to

    11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6).

###

*The Clerk shall serve a copy of this Order to the Debtor and Valley Forge Insurance Company.*



**ORDERED in the Southern District of Florida on July 28, 2016.**

**Raymond B. Ray, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re | CASE NO.  114-28624-RBR |
| GORAN RAJSIC, | ADVERSARY NO.  14-01839-RBR |
| Debtor. | Chapter 7 |

VALLEY FORGE INSURANCE
COMPANY, a Pennsylvania corporation

          Plaintiff,

vs.

GORAN RAJSIC,

          Defendant.

## JUDGMENT

    The Court having entered an order on July 15, 2016 [D.E. 117] granting VALLY FORGE

INSURANCE COMPANY'S Motion for Summary Judgment [D.E. 82],

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.      The November 9, 2012 Final Summary Judgment in the amount of $3,251,331.82 in

favor of VALLEY FORGE INSURANCE COMPANY and against, *inter alia*, GORAN RAJSIC,

entered in the Circuit Court of Cook County, Illinois, Chancery Division in the case of *Valley Forge*

*Insurance Company v. REC Entertainment, Inc., et al,* Case Number 10 CH 29754,  is nondischargeable

pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6) in the bankruptcy proceedings filed in this Court by

GORAN RAJSIC in case number 14-28624-RBR.

2.      Judgment is entered in favor of Plaintiff VALLEY FORGE INSURANCE COMPANY

and against Defendant GORAN RAJSIC in the amount of $3,251,331.82  plus costs of this action and

plus post-judgment interest at a rate of 9% per annum, pursuant to 735 ILCS 5/2-1303, from November

9, 2012 until the November 9, 2012 Final Summary Judgment is satisfied.

ENTERED:


_____
Raymond B. Ray, Judge
United States Bankruptcy Court



### ###

**Submitted by:**

Perry R. Goodman, Esq.
Florida Bar No.: 0050778
LEWIS BRISBOIS BISGAARD & SMITH LLP
110 SW 6th Street, Suite 2600
Fort Lauderdale, Florida  33301
Tel:  954-728-1280
Fax:  954-728-1282
Email: Perry.Goodman@lewisbrisbois.com

The party submitting this order shall serve a copy of the signed order on all parties listed below
and file with the Court a certificate of service conforming with Local Rule 2002-1(F).

Thomas L. Abrams, Esq.
1776 N. Pine Island Road, #215
Plantation, FL 33322

Annie Verdries, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
650 Town Center Drive, #1400
Costa Mesa, CA 92626

Zacarias Chacon, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West Adams Street, Suite 300
Chicago, IL 60661